OPINION
Defendant-appellant Ryan Rose ("Rose") brings this appeal from the judgment of the Court of Common Pleas of Logan County sentencing him to six years in prison for his conviction on a first degree felony.
On August 21, 2001, Rose entered a guilty plea to one count of aggravated burglary, a first degree felony. The matter was set for sentencing on September 24, 2001. At the sentencing hearing, a question arose concerning the identity of Rose's co-defendant, so the sentencing hearing was rescheduled and Rose was ordered to submit to a polygraph. On October 1, 2001, a second sentencing was held. The trial court then sentenced Rose to six years in prison.
Rose raises the following assignment of error.
 The trial court erred as a matter of law when it failed to impose the minimum sentence as required under R.C. 2929.14(B) or to make the required findings on the record.
Rose argues that the trial court must find on the record that the minimum sentence would demean the seriousness of the offense. The State claims that since the judgment entry contained the finding, the statute is satisfied.
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
R.C. 2929.14(B). The minimum sentence for a first degree felony is three years. R.C. 2929.14(A)(1).
We construe [R.C. 2929.14(B)] to mean that unless a court imposes theshortest term authorized on a felony offender who has never served aprison term, the record of the sentencing hearing must reflect that thecourt found that either or both of the two statutorily sanctioned reasonsfor exceeding the minimum term warranted the longer sentence.
State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 133. This court has previously held that to fulfill the statutory requirements that sentencing findings be on the record, they must be in the transcript of the hearing. State v. Martin (1999), 136 Ohio App.3d 355,736 N.E.2d 907. Merely reciting the statutory language that makes up the findings in the journal entry is insufficient to satisfy the requirements. Id.
In this case, the journal entry stated that the court found that the shortest prison term would demean the seriousness of the offense. However, at the hearing, the trial court did not make any findings. The transcript reveals the following statements by the trial court.
 Court's fully aware of the difference between a — first of all, let me say the Court does not find that there's anything about this case that's compelling that would cause the Court to overcome the presumption in favor of a prison sentence. The Court is invited by defense counsel to be lenient so the defendant can come home after six months, and the Court's not going to do that. The sentence of this Court will be the defendant is sentenced to a period of six years in the Ohio Department of Rehabilitation and Corrections.
 Transcript, 40. The trial court never indicates that it considered the minimum sentence nor does it make the required findings. Thus, the record does not support imposition of more than the minimum sentence. The assignment of error is affirmed.
The judgment of the Court of Common Pleas of Logan County is reversed and the cause is remanded for resentencing.
Judgment reversed and cause remanded.
SHAW, P.J., and HADLEY, J., concur.